IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Consolidated Civil Action No. 20-cv-00097-STV

Krystina Andrea Romero,

    Plaintiff,

v.

FRANKLIN D. AZAR & ASSOCIATES, P.C.,

    Defendant.

___

**ORDER**
___

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Plaintiff's Motion for Reconsideration (the "Motion"). [#52]  The Motion is before the Court on the parties' consent to have a United States Magistrate Judge conduct all proceedings in this action and to order the entry of a final judgment. [##21, 22]  For the following reasons, the Motion is **DENIED**.

    The Motion seeks reconsideration of this Court's December 22, 2020 Order [#47] granting in part Defendant's Partial Motion to Dismiss [24]. [#52] In that Order, this Court dismissed Plaintiff's second, third, eighth, and ninth claims for relief. [#47 at 27]  In the instant Motion, Plaintiff argues that the Court was mistaken in dismissing claims three and eight. [#89]  Because Plaintiff has failed to make any showing that the Court should reconsider its prior Order, the Motion is **DENIED**.

    The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995).  "A motion for reconsideration is an extreme remedy to be granted in

rare circumstances." *Stoney v. Cingular Wireless L.L.C.*, No. 06-cv-02003-WYD-KLM, 2009 WL 1394260, at *1 (D. Colo. May 19, 2009) (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Products, Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000) (quotation omitted).

"The Tenth Circuit has made it abundantly clear that a motion for reconsideration is not a vehicle for a losing party to revisit issues already addressed." *Seabron v. Am. Family Mut. Ins. Co.*, No. 11-cv-01096-WJM-KMT, 2012 WL 3028224, at *1 (D. Colo. July 24, 2012) (citing *Does*, 204 F.3d at 1012). Accordingly, "[a]bsent extraordinary circumstances, arguments that could have been raised in the original briefing on the dispute in question may not be made in a motion for reconsideration." *Id.* (citing *Does*, 204 F.3d at 1012).

Here, Plaintiff's Motion provides no new evidence and does not point to clear error in the Court's analysis in dismissing claims three and eight. Although Plaintiff's argument rests on her assertion that the Court clearly misapplied the law, the Motion points to no caselaw that directly contradicts the Court's analysis. Plaintiff additionally takes issue with the Court's failure to consider allegations made in her Response [#31] and Surreply [#35] to Defendant's Motion to Dismiss. [*See* #52 at 11, 13] As noted in this Court's Order [#47], a plaintiff may not amend the complaint "by alleging new facts in their

response to a motion to dismiss." *In re Qwest Commc'ns Int'l, Inc. Securities Litigation*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004); [# 47 at 24 n. 9]. Accordingly, Plaintiff has failed to demonstrate the extraordinary circumstances warranting a motion for reconsideration and the Motion for Reconsideration [#52] is **DENIED**.

Additionally, in her Reply [#56] to the Motion for Reconsideration, Plaintiff requests for the first time that the Court permit her to amend her Complaint. The Court grants Plaintiff leave to file a formal motion to amend the complaint and reminds Plaintiff of her duty to comply with local rule D.C.COLO.LCivR 15.1 in doing so. Plaintiff may file such motion on or before March 19, 2021. If Plaintiff files a motion to amend the complaint and Defendant is opposed, Defendant shall then have fourteen (14) days from the date Plaintiff files the motion in which to file a response. Plaintiff shall have seven (7) days from the date Defendant files its response in which to file a reply, if any.

Finally, the Court **ORDERS** that the stay in this matter be lifted. The Telephonic Scheduling Conference is **RESET** for May 27, 2021 at 11:15 AM. The parties shall participate in the conference by calling 888.808.6929 at the scheduled time and utilizing access code: 2805116#. The Court notes that the parties may hear the conclusion of a prior hearing at the time they call in, and are instructed to simply wait until their case is called. The parties shall file a joint proposed scheduling order on or before May 20, 2021.

**SO ORDERED**,

DATED:  March 2, 2021                                    BY THE COURT:

                                                         s/Scott T. Varholak
                                                         United States Magistrate Judge